IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                                        Case No. 2:19-cr-36-3

James P. Taylor, Jr.

OPINION AND ORDER

    By judgment entered on July 31, 2020, defendant was sentenced to concurrent terms of incarceration of 46 months on Count 18, a Hobbs Act violation under 18 U.S.C. §1951, and Count 19, possession with intent to distribute oxycodone in violation of 21 U.S.C. §841(a)(1).  According to the Bureau of Prisons ("BOP"), defendant's proposed release date is November 24, 2023.  <u>See</u> https://www.bop.gov/inmateloc/ (last visited August 26, 2021).

    On August 10, 2021, defendant filed a motion for compassionate release under 18 U.S.C. §3582(c)(1)(A).  Doc. 336.  Counsel was appointed to represent the defendant.  On August 24, 2021, defense counsel filed a notice indicating that he did not intend to file a supplement in support of the motion for compassionate release.  Doc. 337.  On September 10, 2021, the government filed a response in opposition, noting that defendant had failed to show that he had exhausted his administrative remedies.  Doc. 339.

    Under §3582(c)(1)(A)(i), a motion for reduction in sentence for "extraordinary and compelling reasons" can be filed with the court if the defendant has exhausted his administrative remedies.  If the defendant presents his request to the warden and receives no response within thirty days, he may then file a motion in the district court.  <u>See</u> <u>United States v. Daniels</u>, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *2-3 (N.D. Ala. Apr. 22, 2020); <u>Guzman v. United States</u>, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn.

May 2, 2019). This exhaustion requirement is not jurisdictional, but is a mandatory condition which must be enforced if the government timely objects to the failure to exhaust. <u>United States v. Alam</u>, 960 F.3d 831, 833-834 (6th Cir. 2020). Defendant has not alleged that he has exhausted his administrative remedies, nor has he submitted documentary evidence establishing that he has exhausted his administrative remedies. Counsel for the government stated in her response that she contacted a deputy regional counsel with the BOP who confirmed that Allenwood Low FCI has not received any request for compassionate release from the defendant.

Defendant's motion for compassionate release under §3582(c)(1)(A)(i) (Doc. 336) is denied without prejudice. The defendant may renew his motion for compassionate release after he has exhausted his administrative remedies.

Date: September 14, 2021        <u>     s/James L. Graham     </u>
                                James L. Graham
                                United States District Judge